## WOOSTER v. PAGE AND TRUSTEE.

An insurance company will be charged as the trustee, when the debt which it owes the principal defendant is solely for the amount due on a policy of insurance upon household furniture, which at the time of its destruction by fire was exempt from attachment.

FOREIGN ATTACHMENT. The case was transferred to this court by agreement.

The question is, for what sum the trustee shall be charged. The trustee is indebted to the defendant in the sum of five hundred dollars. Two hundred of this five hundred dollars was for loss on household furniture, which would have been at the time of the loss by fire exempted from attachment. The question now is, Is the two hundred dollars liable to attachment in the hands of said insurance company, or is it exempt?

*Murray*, for the plaintiff.

"The statutory exemptions of property in favor of debtors are uniformly limited to specific chattels, and do not extend to debts or pecuniary claims due to the debtor," except for labor of the defendant to the amount of twenty dollars, and pension and bounty money. See Gen. Stats., ch. 205, sec. 2, as amended by act of July 15, 1871. *Edson* v. *Trask*, 22 Vt. 18; *Clark* v. *Averill*, 31 Vt. 512; *Cook* v. *Holbrook*, 6 Allen 572; *Kellogg* v. *Waite*, 12 Allen 529; *Maxwell* v. *McGee*, 12 Cush. 137; *Manchester* v. *Burns*, 45 N. H. 488, and cases there cited.

*J. D. Weeks*, for the principal defendant.

I. The provisions of Gen. Stats., ch. 205, sec. 2, as amended by the act of July 15, 1871, were intended for a shield and protection to the poor man; hence the exemption from trustee process of the labor of the defendant to the amount of twenty dollars, and pension and bounty money.

II. The inquiry here seems to be, whether the decision of the court in *Manchester* v. *Burns*, 45 N. H. 488, and the remarks of the court in *Paul* v. *Reed*, 52 N. H. 136, are pertinent to the question submitted in this case. *Parks* v. *Hadley*, 9 Vt. 320; *Adams* v. *Newell*, 8 Vt. 190; *Hitchcock* v. *Egerton*, 8 Vt. 202.

III. In *Brown* v. *Heath*, 45 N. H. 168, it was held, that the town of Clarksville was not chargeable, as trustee of Heath, on account of certain bounty which the town had offered to induce volunteers to enlist. That decision was founded upon public policy, it is said. So we deem it in accordance with public policy that the debtor, after having protected his property, which by our statute is exempt from attachment (by insurance), should receive the insurance on the same in case of loss by fire, as the reverse of the rule would but make the poor poorer.

IV. In *Cook* v. *Holbrook*, 6 Allen 572, supported by *Maxwell* v. *McGee*, 12 Cush. 137, the question mainly raised is as to the money being attachable by trustee process in the hands of a third person, which is not applicable to this case. The insurance company is the party owing the money, which has not passed as yet to any one. Besides, there is no waiver on the part of the defendant of the exemption, and no change of property by any act of his. *Rice* v. *Chase*, 9 N. H. 180.

V. The insurance company is not liable in a trustee process as the trustee of the creditor on account of the contingency of a demand of this nature, which is only payable upon the showing of certain and proper proofs. *Pollard* v. *Ross*, 5 Mass. 319; *Barnes* v. *Treat*, 7 Mass. 271; *Wakefield* v. *Martin*, 3 Mass. 558.

FOSTER, J. The question raised by this case is very simple, and easily disposed of.

The statutory exemptions of property from attachment are uniformly limited to specific chattels. Gen. Stats., ch. 205, sec. 2; Laws of 1871, ch. 30.

The only exceptions that occur to us are the exemption from attachment by the trustee process of pension and bounty money, and the wages of the debtor and his family in certain cases. Gen. Stats., ch. 230, secs. 47, 48.

Until the revision of 1867, the laws did not specifically exempt bounty money; but prior to that time, in the case of *Brown* v. *Heath*, 45 N. H. 168 (3 Am. Law Reg., N. S., 125), it was decided that the bounty to which a volunteer was entitled, while still in the hands of the town, could not be attached upon the trustee process;—and such was the opinion of the justices of this court, furnished the governor of the state in 1862.

This exemption was placed solely on the ground of public policy,

and was prompted by the exigencies of the war, which required the offer of bounties as an encouragement to enlistments.

In a subsequent case it was held, that the exemption was restricted to the money still in the hands of the town from which the bounty was due, and that it did not extend to the fund after it had come into the hands of the debtor; concerning which it was said that the policy of the law is sustained if the fund is protected until it reaches the hands of the volunteer. " When it does, it is practically in his power to apply it for the support of his family in obtaining a homestead, purchasing provisions or other necessaries from time to time, which are exempt from attachment; or, on the other hand, to apply it directly to the payment of his debts, or to the purchase of property liable to be taken for them." *Morse* v. *Towns,* 45 N. H. 185. To the same effect is *Manchester* v. *Burns & Trustee,* 45 N. H. 482. The opinion in the latter case and the authorities there collected are decisive of the present.

When the debtor's household furniture was consumed, the property exempt from attachment was gone. It was doubtless a great misfortune, but it was one of those misfortunes for the relief of which the legislature has made no provision. It is the furniture, and not the avails of it in another form, which is protected. When the property is consumed, it is no longer household furniture in the possession of the debtor, nor did it become household furniture of the debtor in the hands of the insurance company. The supposed trustees had no specific chattels of the defendant in their hands, nor were they his debtors for any wages due him or his family for personal labor. What is in the hands of the insurance company belonging to the defendant is money, having no ear-mark by which it may be distinguished from any other money, and not derived by any process of transmutation from the ashes of the defendant's goods; and hence the exemption which before existed by statute cannot follow and appertain to this indebtedness of the insurance company.

In *Morse* v. *Towns & Trustee,* before cited (the hardship of which would seem to have been quite as onerous as is that of the present case), it appeared from the disclosure of the trustee that Towns, having enlisted and received from the town of Pembroke a bounty of two hundred dollars, went away to the wars leaving the money with his wife for the support of herself and their two children. The wife used a part of it, and of the rest put into the hands of the trustee one hundred and fifty dollars, to be returned from time to time as needed for the support of the family; and for this sum the trustee gave her his note, payable to her or her order. The trustee stated that he took the money expressly as the bounty money of the husband, and that the wife had no other means of support. The trustee was held chargeable, on the ground that the bounty having been paid over to the volunteer was no longer *bounty,* and as such exempt, but was simply *money* not exempt.

The cases cited by the plaintiff's counsel fully sustain his position. Most of them are reviewed in the opinion in *Manchester* v. *Burns & Tr.*

And the recent case of *Paul* v. *Reed & Tr..*, 52 N. H. 136, is in harmony with the argument upon which this opinion is based.

The agreed case states that the insurance company " is *indebted* to the defendant in the sum of five hundred dollars."

We therefore assume that the proper proofs of loss and whatever else may have been required on the part of the insured have been furnished, and that there is no contingency or uncertainty pertaining to the demand of the defendant upon the insurance company.

*Trustee chargeable.*